UNITED STATES DISTRICT COURT    **FILED**

DISTRICT OF CONNECTICUT

2003 OCT 30 P 12: 08

US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| v. : | Civil No. 3:00CV1569 (WWE) |
| ONE PARCEL OF PROPERTY LOCATED AT 53 BAILEY WOOD ROAD, BROOKLYN, CONNECTICUT, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON, AND : | |
| Defendant. : | October 30, 2003 |
| [CLAIMANTS: DIMITRIOS KRIDZELIS, : HELEN KRIDZELIS, AND DANIELSON : FEDERAL SAVINGS AND LOAN] : | |

## STIPULATION FOR COMPROMISE SETTLEMENT

It is hereby stipulated by and between the PLAINTIFF, UNITED STATES OF AMERICA ("UNITED STATES"), on the one hand, and the CLAIMANTS, DIMITRIOS KRIDZELIS, HELEN KRIDZELIS, and DANIELSON FEDERAL SAVINGS AND LOAN formerly known as CARGILL BANK, now known as WESTBANK ("CLAIMANTS"), on the other, by and through their respective attorneys, as follows:

1. That the parties do hereby agree to settle and compromise the above-entitled action upon the terms indicated below.

2. That the CLAIMANTS agree to the forfeiture of one parcel of property located at 53 Bailey Wood Road, Brooklyn, Connecticut, with all appurtenances and improvements thereon, ("DEFENDANT PROPERTY") for disposition according to law.

3. That the UNITED STATES OF AMERICA agrees to recognize the interest of DANIELSON FEDERAL SAVINGS AND LOAN formerly known as CARGILL BANK, now known as WESTBANK, in the Defendant Property by virtue of an open-end mortgage note dated December 31, 1987.

4. That even upon the Court's entering of a Decree of Forfeiture, forfeiting the property to the United States of America, the United States agrees to allow CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS to continue to occupy the DEFENDANT PROPERTY located at 53 Bailey Wood Road, Brooklyn, Connecticut, for forty-five (45) days from the date of the Court's granting a Decree of Forfeiture, forfeiting the DEFENDANT PROPERTY.

5. That CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS, agree that on or before forty-five (45) days from the date of the Court's granting a Decree of Forfeiture, they will vacate the DEFENDANT PROPERTY located at 53 Bailey Wood Road, Brooklyn, Connecticut.

6. That CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS, understand and agree that they shall be permitted to occupy the DEFENDANT PROPERTY subject to the terms and conditions of this Agreement until forty-five (45) days from the date of the Court's granting a Decree of Forfeiture. It is understood by the CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS that this Agreement does not create any interest in the land or a tenancy of any kind, but rather this Agreement is a license by United States Marshals Service of this property under custody of the United States subject to revocation by the United States at the discretion of the United States or for violations of the terms and conditions of this Agreement, provided, however, that nothing herein shall be deemed to affect in any way the ability of the CLAIMANT, DANIELSON FEDERAL SAVINGS AND LOAN formerly known as CARGILL BANK, now

known as WESTBANK, to exercise its rights and remedies pursuant to an open-end mortgage and note dated December 31, 1987 and recorded on January 4, 1988, at Volume 89, Page 728 of the Brooklyn Land Records ("the Mortgage")."

7. That CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS, understand that their family members do not now, or in the future, possess or enjoy any interest in the land or a tenancy of any kind, but rather this Agreement is a license by United States Marshals Service of this property under custody of the United States subject to revocation by the United States at the discretion of the United States or for violations of the terms and conditions of this Agreement.

8. That all of the CLAIMANTS hereby release and forever discharge the United States of America, the Drug Enforcement Administration, the United States Marshals Service, the Connecticut Department of Public Safety, the Groton Town Police Department, the New London Police Department, the Norwich Police Department, the Plainfield Police Department, the Waterford Police Department, the Willamantic Police Department, and the University of Connecticut Police Department, their officers, agents, servants, and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which claimants, their heirs, successors, or assigns ever had, now have, or may have in the future in connection with the seizure, detention, and forfeiture of the Defendant Property, provided, however, that nothing herein shall be deemed to affect in any way the rights and remedies of the CLAIMANT, DANIELSON FEDERAL SAVINGS AND LOAN formerly known as CARGILL BANK, now known as WESTBANK, pursuant to the Mortgage.

9. That all of the CLAIMANTS further agree to hold and save the United States of America, the Drug Enforcement Administration, the United States Marshals Service, the Connecticut Department of Public Safety, the Groton Town Police Department, the New London Police Department, the Norwich Police Department, the Plainfield Police Department, the Waterford Police Department, the Willamantic Police Department, and the University of Connecticut Police Department, their servants, employees, heirs, successors, or assigns harmless from any claims by any others, including costs and expenses for or on account of any and all lawsuits or claims of any character whatsoever, in connection with the seizure, detention, and forfeiture of the Defendant Property.

10. That CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS understand and agree to maintain the entire property or that portion of the property which this agreement concerns, in the same condition as existed on the date this agreement was executed. The term "maintain" shall include, but not be limited to, keeping the property free of hazard and structural defects, keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilitate in good working condition, keeping property clean and performing such necessary sanitation and waste removal, keeping the property in conformity with responsible needs for snow removal, lawn mowing and providing other ordinary and necessary routine maintenance.

11. That CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS understand and agree to maintain all insurance policies that are currently in effect with respect to the property presently occupied concerning liability insurance for persons injured on said property through forty-five (45) days from the date of the Court's granting a Decree of Forfeiture.

12. That CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS further agree to institute a rider to all insurance policies in his/her name now in effect on the property naming the United States as the primary beneficiary for the life of this agreement.

13. That CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS further agree to provide the United States with copies of all current insurance policies and evidence that the requested riders have been instituted within thirty (30) days of execution of this agreement. CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS further agree to provide the United States with a copy of all insurance policies as proof of insurance coverage.

14. That CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS shall maintain casualty and fire insurance equal to the full replacement cost of the property and all improvements thereon, and shall maintain liability insurance, in an amount determined by the United States Marshals Service for injuries occurring on or resulting from use of the property, or activities or conditions thereon. Additionally, Claimants shall arrange for a rider to all above-mentioned policies naming the Untied States as a loss payee and additionally insured for the life of the Agreement. CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS shall deliver proof of such insurance to the United States <u>no later than the thirtieth calender day</u> following the execution of this Agreement.

15. If there is no casualty and fire insurance coverage for the property, CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS agree to obtain proper coverage in an amount determined by the United States within thirty (30) days of execution of this agreement. CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS further agree to provide the United States with a copy of all insurance policies as proof of insurance coverage.

16. That CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS shall not attempt to convey, transfer, sell, lease, or encumber in any way, title to the property. Nor shall he permit any other person, other than their family members to occupy the property.

17. That CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS shall not remove, destroy, alienate, transfer, detract from, remodel or alter in any way, the property or any fixture, which is part of the property, ordinary wear expected, without express written consent of the United States.

18. That CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS agree to provide the United States within thirty (30) days advance notice, in writing, in the event he chooses to vacate the property prior to forty-five (45) days from the date of the Court's granting a Decree of Forfeiture.

19. Any criminal activity by the CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS, their family members, or others, or with the knowledge of the Claimants upon the DEFENDANT PROPERTY will result in termination of this agreement and Claimant will be required to vacate the property upon ten (10) days notice by the United States.

20. That CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS acknowledge that violations of the contents of this Agreement as it pertains to the removal or destruction of property under care, custody, or control of the United States constitutes a violation of federal criminal law, specifically, Title 18, United States Code, Section 2233, entitled "Rescue of Seized Property." That provides for a fine not exceeding $2,000.00, or imprisonment not exceeding two (2) years, or both.

21. This Agreement shall be construed in accordance with federal law, and any

conflict over the terms and conditions of this Agreement must be decided by the Court as part of the forfeiture action.

22. This Stipulation for Compromise Settlement shall not constitute an admission of liability or fault on the part of the UNITED STATES, its officers, agents, servants, or employees, or on the part of all of the CLAIMANTS, and is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

23. The UNITED STATES and each of the CLAIMANTS agree to bear their own costs and attorneys' fees, and to execute and/or consent to, any additional documents necessary to implement the terms of this stipulated agreement and in the related forfeiture action, provided, however, that nothing herein shall be deemed to affect in any way the right of the CLAIMANT, DANIELSON FEDERAL SAVINGS AND LOAN formerly known as CARGILL BANK, now known as WESTBANK, to recover from the CLAIMANTS, DIMITRIOS and HELEN KRIDZELIS, attorney's fees and costs pursuant to the terms of the Mortgage.

UNITED STATES OF AMERICA

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

Dated: 10/29/03

ALAN MARC SOLOWAY
ASSISTANT U.S. ATTORNEY
P.O. BOX 1824
NEW HAVEN, CT   06508
(203) 821-3700
FEDERAL BAR # ct01581

ATTORNEY FOR THE PLAINTIFF
UNITED STATES OF AMERICA

7

Dated: 10/16/03

_____
JOSEPH MASCARO
MORRISON, MAHONEY & MILLER, LLP
ONE CONSTITUTION PLAZA
HARTFORD, CT 06103

ATTORNEY FOR THE CLAIMANT
DIMITRIOS KRIDZELIS

Dated: 10/10/03

_____
DIMITRIOS KRIDZELIS
CLAIMANT

Dated: 10/28/03

_____
NICHOLAS CARDWELL
CARDWELL, CARDWELL & SMORAGIEWICZ
108 OAK STREET
HARTFORD, CT 06106

ATTORNEY FOR THE CLAIMANT
HELEN KRIDZELIS

Dated: 10/21/03

_____
HELEN KRIDZELIS
CLAIMANT

Dated: 10/28/03

_____
J. MARTIN ACEVEDO, ESQ.
DAVID S. HOOPES, ESQ.
MAYO, GILLIGAN & ZITO, LLP
100 GREAT MEADOW ROAD
WETHERSFIELD, CT 06109

ATTORNEY FOR THE CLAIMANT
DANIELSON FEDERAL SAVINGS AND
LOAN, formerly known as CARGILL BANK,
now known as WESTBANK

8

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Stipulation for Compromise Settlement has been mailed, postage prepaid, on this 30th day of October, 2003, to:

Joseph E. Mascaro, Esq.
Morrison, Mahoney & Miller, LLP
One Constitution Plaza
Hartford, CT 06103

Nicholas Cardwell, Esq.
Cardwell, Cardwell & Smoragiewicz
108 Oak Street
Hartford, CT 06106

J. Martin Acevedo, Esq.
David S. Hoopes, Esq.
Mayo, Gilligan & Zito, LLP
100 Great Meadow Road
Wethersfield, CT 06109

---

ALAN MARC SOLOWAY
ASSISTANT U.S. ATTORNEY
P.O. BOX 1824
NEW HAVEN, CT 06508
(203) 821-3700
FEDERAL BAR # ct01581